UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TATIANA MILLAN F/K/A
TATIANA THOMAS,

    Plaintiff,                                         CASE NO.:

v.

TOMMY BAHAMA R&R HOLDINGS INC
DBA TOMMY BAHAMAS CAFÉ &
EMPORIUM,

    Defendant.
_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendant, TOMMY BAHAMA R&R HOLDINGS, INC. d/b/a TOMMY BAHAMAS CAFÉ & EMPORIUM ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, and Title 28 of the United States Code §§ 1331, 1367, 1441, and 1446, hereby requests that this Court remove this action from the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  The grounds for removal of this civil action are set forth below.

**I.     INTRODUCTION**

1. On or about August 29, 2022, Plaintiff, TATIANA MILLAN F/K/A TATIANA THOMAS ("Plaintiff"), a former employee of Defendant, brought this action in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, Case No. 2022 CC 004989 NC (the "Circuit Court Case"), alleging violation of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, the Florida Constitution, Fla. Const. Art. X § 24(c), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206, 207.

2. On or about September 6, 2022, Defendant was served with Plaintiff's Complaint. Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file within the Circuit Court Case are attached to this Notice of and Petition for Removal as **Composite Exhibit "A**," as required by 28 U.S.C. § 1446(a).

3. The United States District Court for the Middle District of Florida, Tampa Division, includes the judicial circuit in which Plaintiff filed her Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

4. This Notice of and Petition for Removal has been filed within 30 days of service of the Complaint upon Defendant on September 6, 2022. A copy of the Complaint in the Circuit Court Case is attached hereto as part of Composite Exhibit

"A." Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided the Notice of and Petition for Removal to Plaintiff and has filed a copy of this Notice of and Petition for Removal in the Circuit Court Case.

## II. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

### A. The Court Has Federal Question Jurisdiction.

6. Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 203, 206, 207. *See* Comp. Ex. A, Compl. at ¶¶ 6, 74, 79, 81, 87. Accordingly, this civil action is within the original federal question of the United States District Court and may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443.

### B. The Court Has Supplemental Jurisdiction over State Law Claims.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the remaining state law claims alleged in the Complaint. "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-743 (11th Cir. 2006) (cite omitted). "The

constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id*. at 743.

8. In this case, Plaintiff's FMWA and claims under the Florida Constitution arise from the same set of facts and circumstances as Plaintiff's FLSA claims, namely, the hours worked, duties performed, and wages earned. *See* Comp. Ex. A, Compl. Simply put, Plaintiff's claims involve the same facts, the same occurrences, and generally the same evidence. As such, Plaintiff's state law claims are a part of the same case or controversy raised by Plaintiff's federal claims under the FLSA. Therefore, the Court has supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a); *Parker*, 468 F.3d at 743.

WHEREFORE, Defendant, TOMMY BAHAMA R&R HOLDINGS, INC. d/b/a TOMMY BAHAMAS CAFÉ & EMPORIUM, respectfully requests that the United States District Court for the Middle District of Florida, Tampa Division, accept the removal of this action and direct that the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, have no further jurisdiction of this action unless and until this action is remanded.

DATED this 6th day of October, 2022.

>Respectfully submitted,
>
>JACKSON LEWIS P.C.
>501 Riverside Avenue, Suite 902
>Jacksonville, FL  32202
>Telephone: (904) 638-2655
>Facsimile: (904) 638-2656
>
>By: /s/ B. Tyler White
>B. Tyler White
>Florida Bar No. 0038213
>tyler.white@jacksonlewis.com
>Ross D. Vickers
>Florida Bar No. 121717
>ross.vickers@jacksonlewis.com
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of October 2022, a true and correct copy of the foregoing pleading has been filed via CM/ECF and served via electronic mail to the following counsel of record:

>Ryan Glover, Esq.
>Grossman Law, P.A.
>545 Delaney Ave., Bldg. 9
>Orlando, FL  32801
>rglover@grossmanlaw.law
>
>  /s/ B. Tyler White
>  Attorney

4892-0697-4519, v. 1