UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TATIANA MILLAN F/K/A TATIANA THOMAS,

    Plaintiff,

v.                      Case No: 8:22-CV-02295-MSS-AAS

TOMMY BAHAMA R&R HOLDINGS INC
DBA TOMMY BAHAMAS CAFE & EMPORIUM,

    Defendant
_____/

PLAINTIFF'S MOTION FOR REMAND
DUE TO LACK OF SUBJECT MATTER JURISDICTION
OVER COMPLAINT ALLEGING FLORIDA STATE LAW CLAIMS

      This case at bar belongs in the county court of the Twelfth Judicial Circuit for Sarasota County, the forum from which it was removed, because there is no federal claim at issue. Rather than remove a Complaint alleging claims arising under federal law, Defendants removed this case to this Court based on citations in the Complaint to the portions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, that were expressly incorporated into the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110 and Art. X, § 24, Fla. Const. The removed Complaint clearly provides that Ms. Tatiana Millan f/k/a Tatiana Thomas (hereinafter "Plaintiff") only sought relief under Florida law, by citing to the provisions of Florida law on numerous occasions. Doc. 1-1. This Court cannot

exert its jurisdiction over this case involving solely state law allegations in the Complaint. *Id.* Due to the Court's limited jurisdiction, this case should be remanded.

## I. PROCEDURAL HISTORY

1. Plaintiff, Tatiana Millan f/k/a Tatiana Thomas, filed this lawsuit in the County Court of the Twelfth Judicial Circuit for Sarasota County, Florida ("County Court"), to recover the damages available under the FMWA. Doc 1-1.

2. Plaintiff filed the Complaint against Defendant in the county court after having complied with the pre-suit requirements imposed by the FMWA. Doc 1-1 at 15.

3. Plaintiff specifically alleged as follows in the "Nature of the Action" section in the Complaint:

> 9. Plaintiff was employed as a server and bartender by the Defendant, a "Tipped Employee" as defined by the FMWA, from approximately June, 2016 through approximately July, 2019.
>
> 10. Fla. Const. Art. X, § 24(c) states, "for tipped Employees meeting eligibility requirements for the tip credit under the Fair Labor Standards Act ("FLSA"), Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003."
>
> 11. Section 3(m) of the FLSA, as incorporated through the FMWA, permits an employer to take a "tip credit" toward its minimum wage obligation for Tipped Employees.

13. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying the wages owed to Plaintiff.

Doc. 1-1 at 14-15.

4. Plaintiff alleged violations of the Florida Minimum Wage Act in five (5) separate counts within her Complaint:

> Count I – That Defendant violated the Florida Minimum Wage Act by requiring Plaintiff to perform non-tipped labor during discreet and insular periods of each working shift during which no tipped labor was being performed (i.e., opening duties, closing duties)
>
> Count II – That Defendant violated the Florida Minimum Wage Act by requiring Plaintiff to perform duties other than those which are traditionally tipped duties, including the duties of a janitor and general laborer.
>
> Count III – That Defendant violated the Florida Minimum Wage Act by requiring Plaintiff to perform amounts of non-tipped duties which exceeded the permissible limitations for Defendant to subtract the tip credit amount from each hour of Plaintiff's wage.
>
> Count IV – That Defendant violated the Florida Minimum Wage Act by impermissibly withholding Plaintiff's earned tips to account for customer walkouts and/or end-of-shift drawer shortages.
>
> Count V – That Defendant violated the Florida Minimum Wage Act by impermissibly requiring Plaintiff to perform duties while "off the clock" and therefore not receiving any hourly wage.

Doc. 1-1.

5. Plaintiff went into detail and alleged as part of the Complaint that the Defendant violated the FMWA by failing to comply with law as it relates to the payment of a "tip credited" wage as contemplated by the FMWA. ECF No. 1-1.

6. Significantly, the Prayer for Relief which concludes Plaintiff's Complaint is void of any reference to the FLSA. Rather, all the relief sought is under the FMWA. Doc. 1-1 at 27.

7. Defendant, however, removed this Case to this Court based on portions within the Complaint at which Plaintiff referenced certain portions of the FLSA, which are incorporated into the FMWA.

8. All of the sections of the FLSA referenced within Plaintiff's Complaint are incorporated into the FMWA. Moreover, all the references to the FLSA merely provide context for the claims, and all of the relief that Plaintiff seeks is exclusively under Florida state law.

### *Statement of Basis for Remand*

9. Defendant has not established and cannot establish that Plaintiff asserted a claim arising under federal law—namely the FLSA—by citing to the "tip credit" provisions of the FLSA as they are incorporated into the FMWA by reference.

10. Plaintiff merely identified the "tip credit" provisions of the FLSA that were expressly incorporated into the Florida Constitution, and the Complaint is

clear that Plaintiff is seeking relief under the FMWA only. Plaintiff is not seeking relief under the FLSA (or any other federal law).

11. Plaintiff has plead that the Defendant has violated the "80/20 side work" rule, and a well-plead complaint for violations of the 80/20 side-work rule does not trigger federal subject matter jurisdiction. *May v. Steak N Shake Operations Inc.*, No. 3:14-cv-912-J-32JRK, 2014 WL 7251637 *2 (M.D. Fla. Dec. 18, 2014) ("Removal under the Court's federal question jurisdiction is only appropriate where a plaintiff's properly pleaded statement of her claim includes a federal question.")

12. While Defendant may raise defenses which require interpretation of the FLSA, "a case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)

13. Because federal courts are courts of limited jurisdiction, all doubts about jurisdiction should be resolved in favor of remand to state court. *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

WHEREFORE Plaintiff, Tatiana Millan f/k/a Tatiana Thomas, requests that this Court enter an Order remanding this case to the County Court of the Twelfth

Judicial Circuit for Sarasota County and award Plaintiff attorneys' fees and costs incurred in pursuing this motion pursuant to 28 U.S.C. §1447.

## II. MEMORANDUM OF LAW

This case should be properly decided in the county court for the Twelfth Judicial Circuit for Sarasota County due to the lack of subject matter jurisdiction. Plaintiff explicitly brought her claims against Defendant pursuant to the Florida Minimum Wage Act, and not the FLSA.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

**A. <u>The Federal Courts Have Limited Jurisdiction.</u>**

Federal courts presumptively lack jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. *U.S. v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing *Delaware v. Van Arsdall*, 475 U.S. 200, 207 (1993)). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Gardner v. Century 22 Mktg., Inc.*, No. 6:10-cv-995-Orl-35GJK, 2010 WL 11626867 at *1 (M.D. Fla. Sept. 10, 2010).

As the Eleventh Circuit Court of Appeals has stated,

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, **uncertainties are resolved in favor of remand**.

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added).

For a removed action, the burden of demonstrating federal jurisdiction rests with the defendant. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard*, 279 F.3d at 972. The party seeking to invoke a federal court's jurisdiction must support its contention, "by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

B. **The FMWA Incorporates the FLSA's "Tip Credit" Provisions.**

The basis of Plaintiff's Complaint is that Defendant did properly apply the tip credit to the hourly wage being paid to Plaintiff. Doc. 1-1. Plaintiff has also alleged that she performed duties for which she received no hourly wage and that Plaintiff's earned tips were improperly withheld to account for walkouts and/or drawer shortages. Doc. 1-1. These claims arise entirely under the Florida Minimum

Wage Act. No federal questions are implicated.

In seeking to remove this matter to federal court, Defendant has disregarded the explicit provisions within the Florida Constitution that expressly incorporate the FLSA's "tip credit" provisions into the FMWA:

> (b) Definitions. As used in this amendment, the terms "Employer," "Employee" and "Wage" shall have the meanings established **under the federal Fair Labor Standards Act (FLSA) and its implementing regulations**.
>
> (c) Minimum wage. Employers shall pay Employee Wages no less than the Minimum Wage for all hours worked in Florida. Six months after enactment, the Minimum Wage shall be established at an hourly rate of $6.15. Effective September 30th, 2021, the existing state Minimum Wage shall increase to $10.00 per hour, and then increase each September 30th thereafter by $1.00 per hour, until the Minimum Wage reaches $15.00 per hour on September 30th, 2026. . . . **For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003**.

Art. X, § 24, Fla. Const. (emphasis added).

When the foregoing is analyzed in the context of this case, it is clear that Defendant's claims are without merit. Defendant's argument is essentially that Plaintiff mentions the FLSA, and so a federal question must be implicated, stating within its Notice of Removal: "Here, Plaintiff alleges a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 203, 206, 207. *See* Comp. Ex. A, Compl. at ¶¶ 6, 74, 79, 81, 87. Doc. 1 at 3.

Defendant offers little to no analysis of references to the FLSA within the Plaintiff's complaint, instead the Defendant is content to simply list the references

and presume that any mention of the FLSA is enough to justify removal. There is no support for this contention, and the opposite is true. A well-plead claim under the FMWA does not necessarily implicate a federal question. *May*, 2014 WL 7251637. In *May*, the Court remanded Plaintiff's claims under the FMWA to state court, which also implicated the "80/20 side work" rule, even though the FLSA is referenced more than ten (10) times within Plaintiff's Complaint. The Court stated:

> While the Court notes the parties' disagreement over whether the 20% applies, it need not reach whether such disagreement presents a substantial federal question because the issue does not appear on the face of a well-pleaded FMWA complaint. Removal under the Court's federal question jurisdiction is only appropriate where a plaintiff's properly pleaded statement of her claim includes a federal question.

*May*, 2014 WL 7251637, at 2.

### C. **Plaintiff Entitled to Every Benefit of the Doubt.**

There is no ambiguity in the Complaint, which makes clear that Plaintiff's claims "arise under" Florida law and not federal law. The citations to the operative language in the Complaint remove any legitimate argument of ambiguity as to the nature of her claims, which fall exclusively under Florida law. Within the Plaintiff's Prayer for Relief in its Complaint, Plaintiff only seeks relief under the FMWA and the Fla. Const. Art. X, §24. Doc. 1-1 at 27. As Plaintiff has made numerous references to Florida law, and no references to the FLSA within the Prayer for Relief, there is no confusion that all of Plaintiff's claims arise under Florida law.

The issue before this Court is not novel. A similar issue was raised in the Middle District of Florida in *Gardner*, which resulted in the Court remanding the FMWA case to the appropriate Florida state court, stating:

> Plaintiffs' Amended Complaint **only seeks relief under the Florida Constitution**. This is not an instance of inadvertence or artful pleading. Rather, Plaintiffs, as masters of their claim, simply exercised the option of avoiding federal jurisdiction by relying exclusively on a state-law cause of action. Jurisdiction cannot be sustained on a theory that Plaintiffs have not advanced.

2010 WL 11626867 at *2 (emphasis added*).* The Complaint in this case, just like the operative complaint in *Gardner*, alleges only FMWA claims and is properly adjudicated in Florida county court.

Although there are references to the FLSA within the Plaintiff's Complaint, none of the relief that Plaintiff seeks implicates federal law or any federal questions. In *Gardner*, the Middle District Court analyzed the question of whether the Plaintiff's Complaint filed in state court could be properly removed to federal court, where—like here—none of the relief sought implicated federal law. The Court reasoned:

> Although federal question jurisdiction under 28 U.S.C. § 1441(b) is typically limited to claims brought pursuant to federal law, purely state-law claims may "arise under" the laws of the United States for jurisdictional purposes if: (1) the claims necessarily raise a stated federal issue; (2) the claims are actually disputed by the parties; (3) the federal question raised by the claims is substantial; and (4) a federal forum may entertain the issue without disturbing any congressionally approved balance of federal and state judicial responsibilities.… Applying this guidance, the Court finds that it lacks jurisdiction over Plaintiffs' claim, which neither satisfies the well-pleaded complaint rule nor arises under federal law. **Plaintiffs' Amended Complaint**

**only seeks relief under the Florida Constitution**.

*Gardner*, 2010 WL 11626867 at *2. (emphasis added) (internal citations omitted).

Plaintiff contends that its Prayer for Relief clearly indicates that no federal relief is sought, and that no federal questions are implicated.

This Court must analyze the Complaint in the light most favorable to Plaintiff. Any factual ambiguities and legal uncertainties must be resolved in her favor. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."). Accordingly, this Court is constrained to construe ambiguities in Plaintiff's favor.

### D. **Plaintiff Is Entitled To Attorneys' Fees And Costs On Remand Due To The Lack Of An Objectively Reasonable Basis for Removal**

Plaintiff has been forced to expend time and cost in responding to Defendant's Notice of Removal, which lacks any legal basis. Plaintiff seeks an Order remanding this matter to Florida state court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2011). In discerning whether a fee award in such circumstance is justified, the Supreme Court has reasoned that, absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

(2005). The Court also noted though that an award of fees under 28 U.S.C. § 1447(c) does not require a showing that the defendant's position was "frivolous, unreasonable, or without foundation." *See Id*. at 138-39.

This case presents a classic situation in which Defendant lacked an objectively reasonable basis for seeking removal. The extent of the analysis offered within Defendant's Notice of Removal as to why removal is appropriate is found within the one lone paragraph in which Defendant lists the references to the FLSA within Plaintiff's Complaint. Defendant's argument is essentially that the Plaintiff mentioned the FLSA, so this must be a federal question. However, a cursory review of the relevant case law would have informed the Defendant otherwise.

The FMWA explicitly incorporates every provision of the FLSA implicated within Plaintiff's Complaint. Defendant's improper attempt to remove Plaintiff's Complaint has increased the burden on this already busy Court. Defendant has also increased the costs of litigation associated with the action. Accordingly, Plaintiff respectfully posits that an award of attorney's fees and costs is warranted.

### III.     PRAYER FOR RELIEF

Plaintiff requests that the Court remand this Case to the County Court of the Twelfth Judicial Circuit for Sarasota County due to lack of subject matter jurisdiction. Plaintiff's claims, as laid out in the state court Complaint, arise solely under Florida law. Plaintiff further requests that the Court exercise its discretion and

award the attorneys' fees and costs incurred in securing the remand of this case.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel, Ryan Glover, for the movant, has conferred with Tyler White regarding the relief sought and substance in this motion in a good faith effort to resolve the is-sues raised. Counsel represents that he provided a draft of the foregoing Motion to counsel for the Defendant on October 27, 2022, to provide them with the factual and legal basis for remand in an effort to avoid filing it with this Court. Counsel discussed the issues presented herein with defense counsel via Microsoft Teams on October 28, 2022, and November 2, 2022, and represents that defense counsel opposed remand of this case.

*/s/ Ryan Glover*
Ryan Glover, Esq.
**GROSSMAN LAW, P.A.**

Respectfully submitted on this date: October 25, 2022

*/s/ Jordan H. Benbow*
Jordan H. Benbow, Esquire
**GROSSMAN LAW, P.A.**
**ATTORNEYS AT LAW**
Florida Bar No. 120221
545 Delaney Ave., Bldg. 9
Orlando, FL 32801
jbenbow@grossmanlaw.law
Phone: (407) 601-0024
Fax: (407) 386-9237
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of November 2022, a true and correct copy of the foregoing pleading has been filed via CM/ECF and served via electronic mail to the following counsel of record:

> B. Tyler White
> Jackson Lewis P.C.
> 501 Riverside Avenue, Suite 902
> Jacksonville, FL 32202
> Tyler.white@jacksonlewis.com

/s/ *Jordan H. Benbow*
*Attorney for Plaintiff*